CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
11/1/2018
JULIA C. DUDLEY, CLERK
BY: s/ SUSAN MOODY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SHAQUAWN K. BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLOTTESVILLE PARKS )<br>AND REC (CARVER), )<br>)<br>Defendant. ) | Civil Action No. 3:18CV00104<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. Glen E. Conrad<br>Senior United States District Judge |

Shaquawn K. Brown, proceeding pro se, commenced this action by filing a form complaint against the Department of Parks and Recreation for the City of Charlottesville, Virginia. The plaintiff has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of his complaint. For the following reasons, the complaint will be dismissed without prejudice to refiling, pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

## Background

In the complaint, which is somewhat difficult to follow, the plaintiff alleges that he previously worked at the Carver Recreation Center. During his period of employment, the plaintiff was "exposed to levels of anxiety and disrespect" due to his "appearance," his unidentified "religion," and his "hair." Id. at 5. His employment was terminated on August 8, 2017, purportedly on the basis of "tardiness to work." Compl. 4, Dkt. No. 2. The plaintiff alleges that he "had only been late to [his] job 3 times in 17 months," while "other employees were late every day." Id. The plaintiff claims that the "real" reason for his termination was "retaliation" for his "complaints of harassment and death threats." Id.

The plaintiff goes on to allege that an individual named Dashad Cooper "sent [him] death threats" and subjected him to unspecified "harassment." Id. The complaint appears to indicate that the plaintiff reported the death threats to a manager, Jamari Byers. The plaintiff further alleges that Nancy Burney "conspired to get [him] fired because of [his] complaints on Jamari," and that the director also "threatened to fire [him]" because of the complaints, which "increased [the] efforts to terminate [him]." Id.

## Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. Philips v. Pitt Cty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## Discussion

Liberally construed, the plaintiff's complaint appears to assert a claim of retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3. In

2

addition to prohibiting discrimination on the basis of race, color, religion, sex, or national origin, Title VII makes it unlawful for an employer to retaliate against an employee "because [the employee] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a). In order to establish a prima facie case of retaliation, the plaintiff must show: (1) that he engaged in protected activity; (2) that the defendant took an adverse employment action against him; and (3) that a causal connection existed between the protected activity and the adverse action. Savage v. State, 896 F.3d 260, 276 (4th Cir. 2018). Although a plaintiff is not required to establish a prima facie case of retaliation at the pleading stage, he is "nonetheless 'required to allege facts to satisfy the elements of a cause of action created by [the relevant] statute' in compliance with Iqbal." Woods v. City of Greensboro, 855 F.3d 639, 648 (4th Cir. 2017) (quoting McCleary-Evans v. Md. Dep't of Transp., 780 F.3d 582, 585 (4th Cir. 2015)). Thus, the question at this stage of the proceedings is whether the plaintiff has stated a claim for relief under Title VII that is plausible, and not merely speculative. McCleary-Evans, 780 F.3d at 585–86.

Applying this standard, the court concludes that the plaintiff's complaint does not adequately state a claim for retaliation in violation of Title VII. Although the plaintiff indicates that he complained about "death threats" and unspecified "harassment," he does not provide sufficient factual allegations from which the court can reasonably infer that such complaints constitute protected activity. See Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264, 282 (4th Cir. 2015) (en banc) (explaining that an employee engages in "protected activity" when he opposes employment actions that are "actually unlawful under Title VII" or that he "reasonably believes to be unlawful") (internal quotation marks omitted). "Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing

3

facts sufficient to create that inference, is insufficient" to satisfy this element. Skiba v. Ill. Cent. R.R. Co., 884 F.3d 708, 718 (7th Cir. 2018) (internal quotation marks omitted); see also cf. Strothers v. City of Laurel, 895 F.3d 317, 336 (4th Cir. 2018) (observing that the City possessed information from which it should have known that the alleged harassment pertained to racial discrimination). Without additional allegations regarding the nature of plaintiff's complaints to management officials or the information in their possession, the plaintiff's claim for retaliation must be dismissed.

## Conclusion

For the reasons stated, the court will grant the plaintiff's motion for leave to proceed in forma pauperis. However, his complaint will be dismissed without prejudice to refiling, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiffs.

DATED: This 1st day of November, 2018.

_____
Senior United States District Judge

4